UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL GALA,
JOSEPH JARDIN,
MICHAEL MASSUCCI, and
FRED SCHAAF,

                Petitioners-Plaintiffs,

-against-

LAURA KAVANAGH, as Commissioner of the New York City Fire Department, and the NEW YORK CITY FIRE DEPARTMENT,

                Respondents-Defendants.

Docket No. 23-cv-1543 (NRM)(RER)

**Misc. Judge: Hon. Rachel P. Kovner**

## PETITIONERS-PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF TEMPORARY RESTRAINING ORDER AND REMAND

Date: March 1, 2023

Jim Walden
Georgia Winston
Adam Cohen

**WALDEN MACHT & HARAN LLP**
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2030
jwalden@wmhlaw.com
gwinston@wmhlaw.com
acohen@wmhlaw.com

*Attorneys for Petitioners-Plaintiffs*

This memorandum further supports Petitioners' motions for a TRO and remand. For brevity's sake, we make seven points.

**Insufficient Incident Commanders.** Respondents do not deny that, if the demotions stand, FDNY will have no Incident Commanders with 5-alarm experience and only one or two with 4-alarm experience. This omission says it all. Petitioners' demotions pushed the FDNY past a tipping point. At least eight additional constructive demotions will take effect this Monday. Respondents do not deny this. The Chief of Department and the Chief of Operations are among them. They are the only chiefs with 5-alarm incident command experience. The Court cannot and should not allow this crisis to continue, leaving the public at grave risk. This conclusion is not based on "speculation"—this is the opinion of the highly experienced Petitioners and the former Chief of Department, who collectively have more than 150 years' worth of fire-fighting experience. While Respondents ignore their collective wisdom and experience, this Court should not.

**Harm to Public.** Respondents claim Petitioners have no authority concerning whether public harm could support the TRO. Méndez Letter at 3. This is incorrect. New York courts routinely find public harm sufficient for a TRO. *See* Petitioners' Memo of Law at 6-8. The Second Circuit holds no different. In *In re Nw. Airlines Corp.*, the Court was plain: "[i]n making the determination of irreparable harm, both harm to the parties and to the public may be considered." 349 B.R. 338, 384 (S.D.N.Y. 2006), *aff'd*, 483 F.3d 160 (2d Cir. 2007) (citing *Long Island R. Co. v. Int'l Ass'n of Machinists*, 874 F.2d 901, 909 (2d Cir.1989)); *see also New York v. BB's Corner, Inc.*, 2012 WL 2402624, at *3 (S.D.N.Y. June 25, 2012) ("a potential impact on public health (i.e., potentially catastrophic health consequences) is itself sufficient irreparable harm to support preliminary injunctive relief."); *Otis Elevator Co. v. Loc. 1, Int'l Union of Elevator Constructors*,

684 F. Supp. 80, 82 (S.D.N.Y. 1988) (the court granted an injunction based on public safety and impact to plaintiff's business, noting that each reason was "sufficient individually" to justify why "irreparable harm exists.").

**"Everything is Alright."** To support the claim that the City is "well prepared" to respond to fires, Respondents submit an affidavit from First Deputy Commissioner Lizette Christoff. The affidavit describes 21 fires in February 2023, which were "Second Alarm or higher," suggesting FDNY has no problem covering for the demoted Staff Chiefs. Plainly said, the affidavit obfuscates the problem in three ways.

- First, the affidavit ignores that the demotions of eight Staff Chiefs will become effective this coming Monday, creating a risk in *March*. They were obviously available in February.
- Second, the affidavit ignores the central problem in February: Chief of Department Hodgens and Chief of Operations Esposito had no notice of the first three demotions. Those Staff Chiefs were actually scheduled for city-wide incident-command duties the following weekend. Since the Commissioner gave them no notice of the demotions, they had to fill-in themselves.
- Third, February had only one 5-alarm fire and two 4-alarm fires. Chief Hodgens had to cover them all.

Respondents disclose none of these problems.

More fundamentally, Deputy Commissioner Christoff is not the right person to attest as to whether the FDNY is prepared for fire operations, which is outside her responsibility. That responsibility sits with the Chief of Department. FDNY's inability to obtain an affidavit from any uniformed personnel declaring the alleged "state of readiness" is telling. Clearly, the affidavit is worthless. Everything is not alright.

**The Red Herring.**  Respondents intimate that Petitioners are merely bridling under the leadership of a woman.  This is demonstrably false (as discovery will show), but also irrelevant here.[1]

**"Sole and Exclusive" Authority.**  The City Charter gives Respondent Kavanagh the "sole and exclusive" power to manage the fire department.  From this, Respondents essentially claim her decisions are not judicially reviewable.  This is incorrect.  The very purpose of Article 78 is to provide such judicial review.  NY CPLR § 7803.  Petitioners are not asking this Court to substitute its own judgment (or Petitioners') for Respondent Kavanagh's.  Rather, they seek court review to determine whether her decisions were "arbitrary and capricious or an abuse of discretion."  *See, e.g., In re Powis v. Giuliani*, No. 100990/95, 1995 WL 17961771, *aff'd*, *Powis v. Giuliani*, 216 A.D.2d 107 (1st Dep't 1995) (a "judge may not overturn administrative action because the judge would have reached a different conclusion," it should "set aside" an action that is "arbitrary and capricious or in violation of law.").  That is "[t]he command of the Civil Practice Law and Rules."  *Id*.

**Remand: Judge Rakoff Opinion.**  Intimating that federal courts regularly review and decide Article 78 petitions, Respondents cite *Marciano v. de Blasio*.  589 F. Supp. 3d 423 (S.D.N.Y. 2022).  This citation is inapt.  There, without addressing the multitude of authorities cited in Petitioner's opening brief, Judge Rakoff declined to remand a complaint with two claims under Article 78 and two § 1983 claims.  And for good reason.  As Respondent's counsel knows

---

[1] The Court should be aware that the Staff Chiefs actively promoted Terryl Brown as their candidate for Commissioner, who would have been the first woman and the first African-American to hold the position.  This is the same FDNY professional who Respondent terminated yesterday.

3

(he was counsel of record on that matter), Judge Rakoff found that the complaint "was an Article 78 petition in name only." 589 F. Supp. 3d at 428 n.6.

**Remand: Other Authorities.** Respondents claim that the Court lacks any basis to remand this matter back to state court. Respondents' Br. at 4-5. *Medrano v. Margiotta* provides such authority. No. CV 15-cv-3704 (JMA) (ARL), 2017 WL 880964 (E.D.N.Y. Feb. 16, 2017). There, the Court remanded back to state court, finding "the state proceeding affords Petitioner an adequate opportunity for judicial review of the federal constitutional claims." *Id.* at *6. The recommendation was adopted by Judge Azrack. 2017 WL 876293 (E.D.N.Y. Mar. 3, 2017).

**Alleged Delay.** Relying on *Citibank N.A. v. Citytrust*, 756 F.2d 273, (2d Cir. 1985), Respondents argue that Petitioners cannot get a TRO because the demotions were announced a month ago. In *Citibank*, the plaintiff moved for an injunction nine months after receiving notice of the challenged conduct, and ten weeks after that conduct had already taken place. *Id.* at 274-75. The demotions here have not yet been effectuated. Petitioners are seeking relief only 24 days after notice of the first round of demotions. That is hardly delay: courts in this Circuit "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 419 (S.D.N.Y. 1998).

**Conclusion.** For the foregoing reasons, the Court should grant a temporary restraining order (1) enjoining Respondents from effectuating any demotions or constructive demotions of Petitioners, and (2) restoring Petitioners to the incident-command duties they held before their reassignments. The Court can issue a time-limited TRO, providing the state court with time and opportunity to hold a hearing. In addition, the Court should grant Petitioners' request for remand to Kings County Supreme Court for further development of the factual record.

Dated: New York, New York
      March 1, 2023

Respectfully submitted,

**WALDEN MACHT & HARAN LLP**

BY:

*Jim Walden*
Jim Walden
Georgia Winston
Adam Cohen

*Attorneys for Petitioners*

5