UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL GALA, JOSEPH JARDIN,
MICHAEL MASSUCCI, and FRED SCHAAF,

                Plaintiffs,          MEMORANDUM AND ORDER
                                                    23-CV-1543 (NRM) (RER)
      v.

LAURA KAVANAGH, as Commissioner of the
New York City Fire Department, and the
NEW YORK CITY FIRE DEPARTMENT,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge, Part I:

       The motion for reconsideration is denied. As a general matter, how the New York City Fire Department ("FDNY") should be run is a matter entrusted to elected political leaders and their appointees like the FDNY Commissioner—not unelected federal judges. For a federal judge to prohibit the Commissioner from making key personnel decisions based on a lawsuit's claims, before those claims have been decided, is thus an "extraordinary and drastic" action. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). To do so before those claims have received even the limited testing of a preliminary injunction hearing is "perhaps even more . . . 'extraordinary and drastic.'" *Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (citation omitted). A federal judge is permitted to intervene in this way only if plaintiffs have made stringent showings, including demonstrating a likelihood that irreparable harm will occur before the claims can be considered on a fuller record at a preliminary injunction hearing.

       As explained in the Court's order yesterday, *see* Order Denying Temporary Restraining Order (Dkt. #8) ("Decision"), plaintiffs have not remotely demonstrated that such imminent, irreparable harm is likely if they are not immediately reinstated. And plaintiffs' motion for reconsideration does not provide any valid ground for reconsidering that decision. A motion for

1

reconsideration is not a proper vehicle for a party "to repackage and relitigate arguments and issues already considered by the Court" or to "raise new arguments and issues" not before the Court when it decided the motion the first time. *In re Gentiva Sec. Litig.*, 971 F. Supp. 2d 305, 332 (E.D.N.Y. 2013). Instead, reconsideration is appropriate only "to correct a clear error or prevent manifest injustice,'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)), and will thus "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked," *Sacerdote v. New York University*, 9 F.4th 95, 118 n.94 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022).

Plaintiffs have not met that standard, as their motion for reconsideration does not meaningfully address key determinations in the TRO decision, let alone "point to controlling decisions or data that the court overlooked." *Ibid.* Plaintiffs principally claim—for the first time—that an affidavit submitted by Acting FDNY First Deputy Commissioner Lizette Christoff, *see* Aff. of Lizette Christoff (Dkt. #6-1) ("Christoff Aff."), contained inaccuracies, because one rather than two promotions into the Staff-Chief ranks occurred in February, *see id.* at ¶ 7, and because, despite Christoff's assertion that FDNY "will continue to promote staff chiefs as necessary to maintain appropriate staffing levels," *see id.* at ¶ 8, the department has as of yet been "unable to replace" the Chief of Operations and Chief of Department, who filed paperwork to leave their roles approximately three weeks ago, Pls.' Mot. for Reconsideration 1–2 (Dkt. #9) ("Pls.' Mot."). This belated injection of new factual claims into the record is improper. While plaintiffs were free to join issue with Deputy Commissioner Christoff's affidavit in their reply brief—and remain free to put forward new evidence in seeking a preliminary injunction—a reconsideration motion is an improper vehicle for raising new claims. *See In re Gentiva Sec. Litig.*, 971 F. Supp. 2d at 332.

In any event, these new facts do not remedy the principal defects with plaintiffs' attempts to show a likelihood of irreparable harm absent their immediate reinstatement. Plaintiffs argue that staffing deficits will impair FDNY's ability to respond to serious fires. But it is undisputed that since plaintiffs' demotions were effected a month ago, all the serious fires that have occurred were "'fully staffed,' even though plaintiffs had been removed from the Incident-Commander pool." Decision 7. It is likewise undisputed that the pool of Deputy Chiefs eligible for promotion to Staff Chief positions is extremely experienced, with an average of more than 30 years of service, and all the training necessary to undertake Staff Chief roles. *Id.* at 8–9. Given this record, plaintiffs have not shown a likelihood of imminent, irreparable harm from inadequate staffing. And this conclusion is not affected by plaintiffs' contention that some firefighters have allegedly declined promotions or that two top positions have not been filled a mere three weeks after their occupants put in paperwork to leave them.

The rest of plaintiffs' argument depends on their claim that once additional personnel changes take effect on Monday, March 6, the FDNY will be ill-prepared to handled four- and five-alarm fires. *See* Pls.' Mot. 2. But the Court already addressed and rejected this contention, in denying plaintiffs' TRO motion. *See* Decision 8. Plaintiffs do not meaningfully respond to that analysis. As a consequence, even assuming that plaintiffs could obtain a TRO in their lawsuit based on danger to the public, rather than irreparable harms to themselves, *cf. Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish . . . that *he* is likely to suffer irreparable harm in the absence of preliminary relief") (emphasis added), plaintiffs have fallen far short of the necessary showing.

Pivoting away from the existing record, plaintiffs ask that I rescind my decision and re-decide their TRO application after an evidentiary hearing. Contrary to plaintiffs' suggestion, such hearings are not the usual practice. Rather, TRO applications typically seek relief before it is even

3

feasible to hold an evidentiary hearing. *See Granny Goose Foods, Inc. v. B'hood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (TROs "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."); *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009) (explaining that a TRO "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction"); *see also Warner Bros. Inc. v. Dae Rim Trading, Inc.*, 877 F.2d 1120, 1125 (2d Cir. 1989) (same). That is one reason a TRO can be seen as a more drastic form of relief than a preliminary injunction. *See Free Country Ltd.*, 235 F. Supp. 3d at 565. More critically, though, this request is untimely. Plaintiffs did not request an evidentiary hearing in their TRO motion, their TRO reply, or at any time before their motion was decided. Plaintiffs may not obtain such a hearing on their motion after it has already been resolved.

Accordingly, the motion for reconsideration is denied. Plaintiffs may pursue their request for emergency relief on a fuller record by seeking a preliminary injunction, if desired. The parties shall submit a joint letter by March 6, 2023, in which (i) plaintiffs clarify whether they are seeking a preliminary injunction in this Court or whether they are instead seeking to have the case remanded to state court before any such litigation; and (ii) the parties jointly propose a schedule for preliminary injunction proceedings if plaintiffs are seeking a preliminary injunction in this Court.

SO ORDERED.

/s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge
Part I

Dated: March 3, 2023
       Brooklyn, New York